[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 16-17686
Non-Argument Calendar
_____

D.C. Docket No. 8:10-cr-00338-VMC-TBM-3

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

OMERO PENALOZA,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(April 11, 2018)

Before WILLIAM PRYOR, MARTIN and JILL PRYOR, Circuit Judges.

PER CURIAM:

Omero Penaloza appeals the denial of his motion to reduce his sentence.

Penaloza sought a reduction based on Amendment 782 to the Sentencing

Guidelines. 18 U.S.C. § 3582(c)(2). We affirm.

In 2010, Penaloza pleaded guilty to conspiring to distribute 50 grams or more of methamphetamine. 21 U.S.C. §§ 841(a)(1), 846. Penaloza had an adjusted base offense level of 30. *See* United States Sentencing Guidelines Manual §§ 2D1.1(c)(5), 2D1.1(a)(5) (Nov. 2010). After Penaloza received reductions of two levels for his minor role, *id.* § 3B1.2(b), and three levels for his acceptance of responsibility, *id.* § 3E1.1(a)–(b), he had a total offense level of 25 and an advisory sentencing range of 100 to 125 months. But Penaloza faced a mandatory statutory minimum sentence of 240 months based on his prior conviction for a felony drug offense, *see* 21 U.S.C. § 841(b)(1)(A); U.S.S.G. § 5G1.1(b), so the district court imposed that mandatory sentence, *see id.* § 5G1.1(c)(2). After the government later moved to reduce Penaloza's sentence for his substantial assistance, the district court reduced his sentence to 140 months of imprisonment. *See* Fed. R. Crim. P. 35(b); 18 U.S.C. § 3553(e).

In 2015, Penaloza moved for another reduction of his sentence. *See id.* § 3582(c)(2). He argued that Amendment 782 lowered his base offense level from 28 to 26, which when combined with the other reductions that he had received, provided a "total offense level . . . [of] 17" and a sentencing range of 84 to 105 months. The probation office opposed Penaloza's motion on the ground that his total offense level remained unchanged because the Amendment operated only to

2

reduce his base offense level from 32 to 30. The district court summarily denied Penaloza's motion to reduce.

The district court lacked authority to reduce Penaloza's sentence because Amendment 782 did not alter his sentencing range. The Amendment changed the drug quantity table in section 2D1.1(c) and lowered Penaloza's base offense level from 32 to 30. *See* U.S.S.G. App. C, Amend. 782 (2014). But the Amendment did not modify section 2D1.1(a), so the district court could not award Penaloza the two-level reduction for his mitigating role because his base offense level was less than 32. *See id.* § 2D1.1(a)(5)(B) (providing a two-level reduction if "[t]he offense level specified in the Drug Quantity Table . . . is (i) level 32"). Penaloza's total offense level of 25 and sentencing range remained unchanged. Because Amendment 782 did "not have the effect of lowering [Penzloza's] applicable guidelines range," a reduction of his sentence was "not authorized under 18 U.S.C. § 3582(c)(2)." *Id.* § 1B1.10(a)(2)(B).

Penaloza argues, for the first time on appeal, that he was entitled to a reduction of his sentence under Amendment 780, but that Amendment is not mentioned in section 1B1.10(d), *id.* § 1B1.10(a)(1). In the absence of an "amendment[] listed in subsection (d) [that was] applicable to" Penaloza, "[a] reduction in [his] term of imprisonment [would] not [have been] consistent with

3

[section 1B1.10] and therefore [would] not [have been] authorized under 18 U.S.C.

§ 3582(c)(2)." *See id.* § 1B1.10(a)(2)(A).

We **AFFIRM** the denial of Penaloza's motion to reduce his sentence.

4